**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION**

**CHARLES D. COLEMAN, SR.**                                                                                           **PLAINTIFF**

**v.**                                                                                                                        **No. 2:12CV86-M-A**

**BOLIVAR COUNTY SHERIFF'S DEPT.**                                                                            **DEFENDANTS**

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* prisoner complaint of Charles D. Coleman, Sr., who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. Coleman alleges that the defendants in this case have denied him access to the courts by refusing to transport him to the Bolivar County Courthouse so he can use the law library there, as the Bolivar County Jail has no law library. In addition, he alleges that the defendants have denied him access to his attorney and his family by making calls from the jail too expensive. For the reasons set forth below, the instant case shall be dismissed for failure to state a claim upon which relief could be granted.

**Factual Allegations**

Coleman, who was a pretrial detainee at the time he filed this suit, alleges that the defendants at the Bolivar County Jail: (1) refused to transport him to the law library at the Bolivar County Courthouse to conduct legal research there, (2) would permit him to contact his attorney only through collect calls, which were monitored, and (3) provided him access only to a single telephone which required exorbitant fees to use – thus denying him access to his family. Coleman seeks three types of injunctive relief and money damages.

### Injunctive Relief

Coleman has since been convicted of possession of precursors with intent to manufacture; he is now housed at the Mississippi State Penitentiary and is no longer confined in the Bolivar County Jail. As he is no longer housed at the Bolivar County Jail, his requests for injunctive relief regarding their handling of telephone calls and transportation to the law library have become moot and will be dismissed.

### Denial of Access to the Courts

Prisoners possess a constitutional right of access to courts, including having the "ability . . . to prepare and transmit a necessary legal document to court." *Eason v. Thaler*, 73 F.3d 1322, 1328 (5th Cir. 1996), quoting *Brewer v. Wilkinson*, 3 F.3d 816, 821 (5th Cir. 1993), *cert. denied*, 510 U.S. 1123 (1994). The right of access to the courts is limited to allow prisoners opportunity to file nonfrivolous claims challenging their convictions or conditions of confinement. *Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999). "Interference with a prisoner's right to access to the courts, such as delay, may result in a constitutional deprivation." *Chriceol v. Phillips*, 169 F.3d 313, 317 (5th Cir. 1999) (citations omitted).

However, "[a] denial-of-access-to-the-courts claim is not valid if a litigant's position is not prejudiced by the alleged violation." *Ruiz v. United States*, 160 F.3d 273, 275 (5th Cir. 1998); *Henthorn v. Swinson*, 955 F.2d 351, 354 (5th Cir. 1992), *cert. denied,* 504 U.S. 988 (1992), citing *Richardson v. McDonnell*, 841 F.2d 120, 122 (5th Cir. 1988). It is only when a prisoner suffers some sort of actual prejudice or detriment from denial of access to the courts that the allegation becomes one of constitutional magnitude. *Walker v. Navarro County Jail*, 4 F.3d 410, 413 (5th Cir. 1993); *see Howland v. Kilquist*, 833 F.2d 639, 642 (7th Cir. 1987). To prove his claim, a plaintiff must show real detriment – a true denial of access – such as the loss of a motion, the loss of a right to commence, prosecute or appeal in a court, or substantial delay in obtaining a

judicial determination in a proceeding. *See Oaks v. Wainwright*, 430 F.2d 241 (5th Cir. 1970).

In this case, Coleman has not alleged that he suffered prejudice to any legal position. As such, his claim that the defendants denied him access to the courts must fail.

### Denial of Telephone Access to Family Members

In addition, the plaintiff's allegation that the telephones at the Bolivar County Jail were too expensive for him and his family to afford must also fail, as he had access to both his attorney and his family. Coleman has conceded that he can make collect calls if the receiving party accepts them – and that his attorney has accepted several such calls. In addition, both his attorney and his family could have come to visit him in the jail if they chose to do so. Thus, he had access to his attorney and his family though telephone communication (though it was expensive) or by personal visits, and he has not been denied telephone access to those people.

In sum, all of the plaintiff's claims for injunctive relief will be dismissed as moot, and all of the plaintiff's remaining claims are without merit. This case will be dismissed in its entirety for failure to state a claim upon which relief could be granted. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 28th day of June, 2012.

/s/ MICHAEL P. MILLS
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**